# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RODNEY KELLER**                                 **CIVIL ACTION**

**VERSUS**                                         **NO. 09-6646**

**DAVID L. REULET, LLC ET AL.**                    **SECTION: "C" (2)**

## ORDER AND REASONS

Before this Court is a Motion for Partial Summary Judgment filed by Defendant, The State Farm Mutual Automobile Insurance Company, ("State Farm"). (Rec. Doc. 32). Plaintiff, Rodney Keller opposes the motion in part. (Rec. Doc. 40). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

This case arose out of a personal injury claim filed by Rodney Keller for injuries he allegedly suffered in an automobile accident on October 6, 2008 with the defendant Glen Brookins. (Rec. Doc. 1-2 at 1). At the time of the alleged accident Rodney Keller was driving a truck owned by his employer, David L. Reulet, LLC, which was covered by a valid policy of uninsured motorist ("UM") insurance with State Farm. *Id.* at 1-2. Brookins indicated at the time of the accident that neither he nor the vehicle's owner had liability insurance. *Id*. It is alleged that defendant Glen Brookins caused the accident because he was intoxicated. (Rec. Doc. 24).

In order to receive compensation for his alleged injuries, Plaintiff filed both a workers' compensation and an UM claim with his employer's insurer, State Farm. (Rec. Doc. 1-2 at 2-3). As

of this Motion for Partial Summary Judgment the Plaintiff has received compensation for his medical expenses and lost wages under his workers' compensation claim. (Rec. Doc. 32 at 3). Plaintiff has also received a payment of $1,500 from State Farm on his UM claim. *Id.* On September 2, 2009 Plaintiff filed a lawsuit in state court to compel addition payments on the UM policy.(Rec. Doc. 1-2 at 4). State Farm filed a Notice of Removal of that case to this Court on October 1, 2009 based on grounds of diversity of citizenship. (Rec. Doc. 1).

State Farm now moves for partial summary judgment on four separate questions. (Rec Doc. 32). First, State Farm argues that the Plaintiff is limited to an UM coverage limit of $100,000, since David Reulet validly selected that amount as a lower limit in 1999 and there is no other policy that is applicable to this accident. *Id.* at 3. Second, State Farm argues that they are entitled to a credit of $1,500 from any recovery on the UM policy since they have already issued a payment of that amount on that policy. *Id.* Third, State Farm argues that Plaintiff is not entitled to recover any medical expenses or lost wages to the extent that he has previously been compensated for them by workers' compensation payments. *Id.* Fourth and finally, State Farm argues that any claims for punitive damages are not covered by their UM policy. *Id.*

Plaintiff does not oppose the majority of State Farm's arguments. (Rec. Doc. 40). Plaintiff acknowledges that State Farm is entitled to a credit for both their $1,500 payment and for the amount of any payments Plaintiff has received through his workers' compensation claim. *Id.* at 1-2. Plaintiff also acknowledges that State Farm is not liable for any punitive damages awarded in the case. *Id.* at 3. However, the Plaintiff maintains that since Glen Brookins is still a party in the case, he is entitled to seek a punitive damages award against Glen Brookins on the basis of his alleged intoxication. *Id.* The Plaintiff also maintains that he is entitled to submit evidence of his injuries and lost wages to the trier of fact even if State Farm is entitled to a credit for any workers' compensation

payments made to the Plaintiff. *Id.* at 2.

Plaintiff's only major dispute with State Farm's Motion for Partial Summary Judgment regards the selection of lower limits of UM coverage. *Id.* at 3. Both parties agree that in order for a rejection of UM coverage to be valid it must be completed on a state authorized form and meet six criteria as laid out by the Louisiana Supreme Court:

1. Initialing the rejection of coverage;
2. If limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident;
3. Printing the name of the named insured or legal representative;
4. Signing the name of the named insured or legal representative;
5. Filling in the policy number; and
6. Filling in the date

*Duncan v. U.S.A.A. Ins.Co.*, 950 So.2d 544, 551 (La. 2006). The Plaintiff maintains that based on the evidence submitted to the Court it is impossible to know whether all of these requirements were satisfied in the present case. (Rec Doc. 40 at 6). As a result, Plaintiff argues that there is a genuine issue of fact in dispute regarding whether David L. Reulet, LLC selected UM coverage of $100,000 in a manner that conformed with the six requirements of *Duncan*. (Rec. Doc. 40-1 at 1).


## II. <u>STANDARD OF REVIEW</u>

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*,

784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

## III. <u>ANALYSIS</u>

The Plaintiff and State Farm both agree that State Farm is entitled to a credit for both its $1,500 payment on the UM policy and for the amount of any payments Plaintiff has received through his workers' compensation claim. (Rec. Doc. 32 at 3); (Rec. Doc. 40 at 1-2). They also agree that there is no coverage for punitive damages under the UM policy. (Rec. Doc. 32 at 3); (Rec. Doc. 40 at 2). State Farm does not dispute Plaintiff's right to pursue a punitive damages claim against defendant Glen Brookins. (Rec. Doc. 32-7 at 10). That leaves only two matters in dispute between Plaintiff and State Farm.

The first is whether Plaintiff is entitled to present evidence of his medical expenses and lost wages when he has already been compensated for them under his workers' compensation claim. The second is whether David L. Reulet, LLC selected UM coverage of $100,000 in a manner that

conformed with the six requirements of *Duncan*, thereby limiting Plaintiff's possible recovery under the UM policy to $100,000.

Regarding the first question, State Farm relies on *Bellard v. American Central Ins. Co.*, 980 So.2d 654 (La.. 2008) for the proposition that as a matter of Louisiana law the Plaintiff is not entitled to present evidence of his medical expenses or lost wages that have been paid for by the workers' compensation insurer. (Rec. Doc. 32-7 at 9). State Farm cites to no specific page within *Bellard* to support its position and after a review of that decision it is clear that *Bellard* actually supports Plaintiff's argument in favor of presenting evidence at trial.

Specifically, *Bellard* holds that UM carriers are entitled to a credit for medical expenses and wage indemnity benefits paid out by a workers' compensation creditor, not that the evidence of said benefits are to be excluded at trial. *Bellard,* 980 So.2d at 675. Indeed in *Bellard* the Louisiana Supreme Court actually affirmed the trial court's calculation of medical expenses, *id.*, which included expenses that had already been paid for by workers' compensation benefits and were only later credited to the UM carrier involved in that case, *id.* at 661. As a result, according to Louisiana law, the Plaintiff can present evidence of his medical expenses and lost wages during the trial so long as State Farm is given a credit for all payments made to the Plaintiff under his workers' compensation claim.

Regarding the second question, State Farm has submitted a copy of the UM selection of lower limits form executed by David Reulet in 1999 as well as an affidavit by David Reulet attesting to the accuracy of the form. (Rec. Doc 32-1). State Farm argues that this form meets all of the legal requirements specified in *Duncan*. (Rec. Doc. 32-7 at 6). While Plaintiff does not dispute that the UM selection was completed on the state approved form, he does maintain that David Reulet's affidavit only indicates that he signed and initialed the form and therefore asserts that it is possible

that the rest of the form was filled in after the signature, thus invalidating the form. (Rec. Doc. 40 at 6). Plaintiff's argument is unconvincing as it overlooks the fact that David Reulet's affidavit clearly states that "all the information on the attached form is truthful and accurate" and that he knowingly selected UM coverage of $100,000. (Rec. Doc. 32-1 at 2). This affidavit combined with the UM selection form, which is facially consistent with all six *Duncan* requirements, is sufficient for this Court to find that State Farm has produced enough evidence to establish that there is no material dispute that David L. Reulet, LLC validly selected lower UM policy limits of $100,000. Plaintiff's unsubstantiated assertion that the UM selection form might have been filled in after David Reulet had signed the form is insufficient to rebut this conclusion. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994). Therefore, the applicable UM coverage limit applicable to Plaintiff's present suit is $100,000.

## IV. <u>CONCLUSION</u>

For the reasons stated above,

IT IS ORDERED that State Farm's Motion for Partial Summary Judgement is GRANTED to the extent that the Court finds that:

1. State Farm is entitled to a credit for its $1,500 payment on the UM policy to Plaintiff.

2. State Farm is entitled to a credit for the amount of any workers' compensation payments Plaintiff has received for medical expenses and lost wages related to the present suit.

3. Plaintiff is not entitled to punitive damages from State Farm in the present suit as there is no coverage for punitive damages under State Farm's UM policy with David L. Reulet, LLC.

4.    David L. Reulet, LLC's UM policy limit with State Farm was validly set at $100,000.

IT IS FURTHER ORDERED that State Farm's Motion for Partial Summary Judgement is DENIED in so far as the Court finds that:

1.    Plaintiff is entitled to present evidence of his medical expenses and lost wages at trial.

2.    Plaintiff is entitled to seek punitive damages from the defendant, Glen Brookins.

New Orleans, Louisiana, this 16th day of September, 2010.

HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE